> NONPRECEDENTIAL DISPOSITION
>
> To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 6, 2015[*]
Decided January 7, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 14-1480

| | |
|---|---|
| RICHARD D. BRANCH, <br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 12 C 6711 |
| CORRECTIONAL OFFICER BLACK, <br> *Defendant-Appellee*. | Robert W. Gettleman, <br> *Judge*. |

**O R D E R**

Richard Branch claims in this suit under 42 U.S.C. § 1983 that "C/O Black," a guard at the Cook County Department of Corrections, was deliberately indifferent to his heart condition. The defendant sought dismissal on the ground that Branch had not exhausted his administrative remedies before filing suit, *see* 42 U.S.C. § 1997e(a), and the district court granted that motion after conducting an evidentiary hearing, *see Pavey v. Conley*, 544 F.3d

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2).

739, 742 (7th Cir. 2008). Branch challenges this ruling on appeal, but he has not provided us with a transcript of the evidentiary hearing. Accordingly, we dismiss his appeal.

The defendant had escorted Branch to the jail's medical center and was with him in the waiting area when Branch complained of a headache and chest pains and asked that his handcuffs be moved from behind his back to the front so that he could take his heart medication. The defendant refused but another guard changed the handcuffs as requested. Branch took the medication but fainted after a nurse had placed an IV in his arm. He was then taken to the emergency room.

At summary judgment the defendant guard argued that Branch had not exhausted his administrative remedies because he did not file an administrative appeal after his grievance about the incident was rejected. Branch replied that jail administrators did not timely respond to his grievance and then, when it was finally rejected, his counselor told him that submitting an administrative appeal would do no good because the time to appeal had already expired. The district court recruited counsel for Branch and, after the evidentiary hearing, ruled against him from the bench, explaining the decision orally. When Branch then filed a notice of appeal, the clerk of the district court informed him that he must request transcripts needed for appellate review within 14 days. Branch did nothing (even though his lawyer apparently had not been discharged). Four months later we reminded Branch that he still needed a transcript of the evidentiary hearing, and we explained the procedure for obtaining it. By then Branch was pro se, but still he did nothing.

On appeal Branch argues that the district court erred in ruling for the defendant on the affirmative defense of failure to exhaust, but we are unable to review the court's decision because Branch never obtained a transcript of the evidentiary hearing. *See* FED R. APP. P. 10(b)(2); *Morisch v. United States*, 653 F.3d 522, 529 (7th Cir. 2011); *Learning Curve Toys, Inc. v. PlayWood Toys, Inc.*, 342 F.3d 714, 731 n.10 (7th Cir. 2003). And we will not give Branch additional time to secure the transcript, since five months have elapsed since we reminded him that it was needed, and yet he has not explained why he did not act. *See RK Co. v. See*, 622 F.3d 846, 853 (7th Cir. 2010); *Learning Curve Toys*, 342 F.3d at 731 n.10.

Accordingly, we DISMISS this appeal. Given this disposition, we express no opinion about either the issue of administrative exhaustion or whether Branch's complaint states a plausible claim of deliberate indifference.